GALLINGER v. POMEROY, *Adm'r.*

An agreement to pay a certain portion of a promissory note when collected, amounts to an equitable transfer of that portion of the note, and such portion cannot be claimed as part of the assets of the insolvent payer.

IN EQUITY. *Appeal from Wapello District Court.*

*Opinion by* GREENE, J. Bill filed by Abram B. Gallinger against John Pomeroy, adm'r of the estate of David M. C. Lane. The facts stated in the bill show that Lane, on the 24th of February, 1849, executed a written instrument in these words : " On or before the first day of April next, I promise to pay Elam Rush fifty-five dollars for value received, to be paid out of a note I hold on W. H. Barnes when collected, sooner or later, using due diligence." On 27th of June following, Rush assigned this instrument to complainant. Before the Barnes note was collected Lane died insolvent ; Pomeroy was thereupon appointed administrator of the estate, and soon after collected the note against Barnes, and refused to pay the fifty-five dollars to complainant, from the funds collected, but claimed the same as assets for the estate. Complainant thereupon filed his bill to enforce payment, agreeable to the tenor of said instrument, out of the funds realized from the Barnes note. A decree was rendered in favor of complainant for the amount of the instrument, but ordered payment from the assets of estate, thus placing it in the situation of other demands against the estate, to draw *pro rata* from the assets. To that portion of the decree complainant objects, and now seeks to reverse in this court.

We think the instrument executed by Lane clearly expresses the intentions of the parties, and that it was designed as an equitable transfer of fifty-five dollars of the funds which might be realized from the Barnes note. In

Gallinger *v.* Pomeroy.

equity Lane assigned his interest to that portion of the note, and held the same in trust for Rush or his assignee ; complainant, as assignee of Rush, acquired an equitable lien upon fifty-five dollars of the note and of the funds when collected. The funds paid on the note came into the hands of the administrator of Lane, clothed with the trust and subject to the equitable lien which had been created by the parties to the instrument in question. The administrator then had no right to consider the fifty-five dollars as general assets of the estate.

The authorities upon this point we regard as conclusive. Story, Ex. Jr., §§ 1043–44–45. In estate of Fenn, 1 Ashmeed, 319, it was held that when an intestate had given his creditor an order on his debtor, which was accepted, payable out of funds when they should come to hand, that it gave the creditor a specified lien on the fund out of which it was to be paid, and that it could not be considered as assets in the hands of administrator, on the death of the intestate. The same principle obtained in Minick's estate, 8 Wetts. and Lory, 402. In deciding the case at bar, the court below must have considered the instrument as possessing nothing more than the properties of a promissory note, with the usual liability against the maker. But we regard it as an assignment of fifty-five dollars of the Barnes note, and an undertaking to use due diligence in collecting and paying the same to Rush. and it clearly indicates that the credit was given upon the faith of that particular fund, rather than upon the individual responsibility of Lane.

The decree of the court below is therefore reversed, and a decree will be rendered in this court agreeable to the prayer of complainant's bill.

Decree reversed.

*W. H. Brumfield* and *W. A. Thompson,* for appellant.

*Geo. G. Wright,* for appellee.